UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR CHACON,                          :
    Plaintiff,                          :        3:02CV1016 (CFD)
                           :
      -against-                     :
                           :
ECHO BAY MARINA, LLC,                    :
    Defendant.                          :        January 14, 2004

- - - - - - - - - - - - - - - - - - - - - - - - - -

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ECHO BAY MARINA, LLC'S
## MOTION FOR SUMMARY JUDGMENT

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

## TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS .................................................................................................... 1

SUMMARY JUDGMENT STANDARD ........................................................................... 3

LEGAL ARGUMENT ........................................................................................................4

CONCLUSION ................................................................................................................14

i

# TABLE OF AUTHORITIES

**CASES:**

Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986) ................................................. 3

Corcoran v. Iacovino, 161 Conn. 462 (1971) .................................................................... 11

Dougherty v. Graham, 161 Conn. 248 (1971) .................................................................... 10

Feinberg v. The Stone-Adler Co., 3 Conn. Supp. 202 (1935) ........................................... 5

Gudwin v. Gudwin, 14 Conn. Supp. 147 (1946) ................................................................ 8, 9

Mahan v. Ehrsam, 6 Conn. Supp. 95 (1938)...................................................................... 6

Salaman v. City of Waterbury, 246 Conn. 298 (1998) ...................................................... 4


**FEDERAL RULES OF CIVIL PROCEDURE:**

Rule 56(c), Federal Rules of Civil Procedure ................................................................... 3

## STATEMENT OF FACTS[1]

Defendant Echo Bay Marina, LLC is a Connecticut Limited Liability Company which leases property which is situated at 227 Candlewood Lake Road in Brookfield, Connecticut, from which it operates a marina and store. The store, which is open to the public, is situated on the east side of Candlewood Lake Road. The marina, which is located on the westerly side of Candlewood Lake Road, is not open to the public, but is operated as a private marina. As such, defendant Echo Bay Marina, LLC leases boat slips to private individuals, at which they can dock a designated vessel for the boating season, in this case the 2000 boating season. There are 286 "private" boat slips at Echo Bay Marina, LLC. It does not allow non-slip owners to launch boats at its facility; i.e., it does not allow transient boat launching. Moreover, as an accommodation to its slip renting clients, defendant Echo Bay Marina, LLC allows them to launch their contract boat, but under severely restricted conditions.

Moreover, each winter/spring, defendant Echo Bay Marina, LLC sends to the previous year's clients a new contract and the marina's Rules and Regulations. If the client wishes to again lease his boat slip, he executes the slip rental contract and sends it and his payment back to defendant Echo Bay Marina, LLC.

Because defendant Echo Bay Marina, LLC's facilities are located on Candlewood Lake, which has no tidal action, it launches its clients' boats via a ramp which is located to one side of the marina facility; i.e., the north side of the marina.

During the year of 2000, Mark Voeltz[2] was a boat slip rental client of defendant Echo Bay Marina, LLC.

---

[1] Defendant Echo Bay Marina, LLC incorporates in full the 28 U.S.C. §1746 Statement of Marc Rogg as part of the Statement of Facts herein.
[2] Mark Voeltz had also been a boat slip rental client of defendant Echo Bay Marina, LLC in 1997, 1998 and 1999.

1

The contract that was entered into between Mark Voeltz and defendant Echo Bay Marina, LLC allowed Mark Voeltz to dock a 26 foot Chaparel vessel in Slip No. 224 on Dock B for the 2000 boating season, and no other vessel(s). The contract and the rules and regulations of defendant Echo Bay Marina, LLC prohibited the launching of defendant Echo Bay Marina, LLC's client boats after 8:00 p.m. at night, on weekends and holidays and prohibited entirely the launching of any non-client vessel, including boats belonging to guests of slip "owners." In fact, it states in its Rules and Regulations provided to boat slip rental clients each and every spring that "Guest launching is never permitted. Guests are required to use the state launch." (emphasis ours)

In any event, on a date prior to June 25, 2000, Mark Voeltz invited his son-in-law, Michael D'Antona, to come to Echo Bay Marina, LLC as his guest. Thereafter, on the morning of June 25, 2000, Michael D'Antona and his wife met with plaintiff Victor Chacon and his girlfriend for breakfast. During that meeting, Michael D'Antona invited plaintiff Victor Chacon to come along with the Voeltz party to Echo Bay Marina, LLC for an outing on the Voeltz vessel and, as such, telephoned Mark Voeltz to obtain his consent to bring plaintiff Victor Chacon and his girlfriend to Echo Bay Marina, LLC on Sunday, June 25, 2000.

In addition to bringing plaintiff Victor Chacon and his girlfriend, the D'Antonas also brought with them a jet ski which was either owned by Mr. D'Antona or plaintiff Victor Chacon.[3]

It was during the unauthorized launching of this jet ski that plaintiff Victor Chacon claims to have sustained the injuries he alleges in the complaint. Plaintiff Victor Chacon, Mark Voeltz and Michael D'Antona all testified that no one in their party asked and/or received authorization from anyone at Echo Bay Marina, LLC for permission to launch the subject jet ski. Marc Rogg, a

---

[3] Plaintiff Victor Chacon testified they brought Michael D'Antona's jet ski. Michael D'Antona testified that he thought they brought Victor Chacon's jet ski to Echo Bay Marina, LLC on June 25, 2000. In any event, it was not a vessel owned by defendant Echo Bay Marina, LLC's client, Mark Voeltz, and certainly was not the vessel that Mark Voeltz

member; i.e., an owner, of defendant Echo Bay Marina, LLC, testified that had anyone at defendant Echo Bay Marina, LLC been asked for permission to launch the subject jet ski, the request would have been denied.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is an appropriate remedy when there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

The moving party is not obligated to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the non-moving party bears the burden of proof. Rather, the moving party may discharge its burden "by showing - - that is, pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case." Celotex v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).

Once that burden is met, the non-moving party may not rest on the allegations of the pleadings, but must meet the motion with specific facts and supporting exhibits, to show that there is a genuine issue of material fact, and *summary judgment must be entered against a party that fails to establish an element essential to its case* as to which it will bear the burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2552, 2553 (1986).

Here, no genuine issue of fact exists. The uncontraverted evidence demonstrates that Raymond, the operator of the boat was a competent mariner and acted prudently and safely at the time of the incident, and possessed all of the licenses/certificates required by the State of Connecticut to operate the Wieners' vessel, therefore, petitioners could not have had privity and knowledge of the cause of claimants' injury and damages.

---

had contracted with defendant Echo Bay Marina, LLC to dock at its marina.

3

Based on the foregoing standards, the material facts and the substantive law as set forth below, this matter should be resolved by way of summary judgment.

## LEGAL ARGUMENT

Under Connecticut law, a person present on another's land is either a trespasser, licensee or an invitee.

Here defendant Echo Bay Marina, LLC believes that plaintiff Victor Chacon's status was that of trespasser due to the fact that he was engaged in the launching of a non-client vessel in an area that defendant Echo Bay Marina, LLC would have not authorized him to be in when he sustained his alleged injuries.

In Salaman v. City of Waterbury, 246 Conn. 298 (1998), the Supreme Court of the State of Connecticut succinctly set forth the standard of care relating to trespassers and/or licensees on the land of another. The Court stated:

> In this case, the jury was properly instructed as to the city's duty to the decedent if he was either a trespasser or a licenses. If the decedent was a trespasser, the city's only duty was to refrain from causing him injury "intentionally, or by willful, wanton or reckless conduct." (Internal quotation marks omitted.) *Maffucci v. Royal Park Ltd. Partnership,* 243 Conn. 552, 558, 707 A.2d 15 (1998). It is undisputed that the city did not intentionally or recklessly injure the decedent and the trial court was correct in its instructions. Therefore, as the Appellate Court observed, the jury must have concluded that the decedent was a licensee or it could not have imposed liability on the city. *Salaman v. Waterbury,* supra, 44 Conn.App. at 218, 887 A.2d 1318.

> "A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission." (Internal quotation marks omitted.) *Laube v. Stevenson,* 187 Conn. 469, 473, 78 A.2d 693 (1951). The duty that a landowner owes to a licensee . . . does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition because the licensee must take the premises as he [or she] finds them . . . If the licensor actually or constructively knows of the licensee's presence on the premises, however, the licensor must use reasonable care both to refrain from actively subjecting him [or her] to danger and to warn him [or her] of dangerous conditions which the possessor knows of but which he [or she] cannot reasonably

4

assume that the licensee knows of or by reasonable use of his [or her] faculties would observe."

\*   \*   \*

In order to prove that the decedent was a licensee, the plaintiff was required to prove that the decedent was on the city's land with its permission or by its express or implied invitation.

\*   \*   \*

The plaintiff was required to establish that the city breached the duty owed a licensee. After reviewing the evidence, we conclude that the jury reasonably could not have found that the city breached that duty. There was no claim or evidence to support a finding that the city actively subjected the decedent to danger. The city's duty, therefore, concerned warnings as to the hidden hazards upon its property. The city's duty to a licensee was to warn of "dangerous conditions which the owner knows of but which [the owner] cannot reasonably assume that the licensee knows of or by a reasonable use of [the licensee's] faculties would observe." *Laube v. Stevenson*, supra, 137 Conn. At 474, 78 A.2d 693; *Deacy v. McDonnell*, 131 Conn. 101, 104, 38 A.2d 181 (1944).

Id. at 305-306. (emphasis added)

Moreover, even if a person is an invitee, which defendant Echo Bay Marina, LLC denies in this case, if the invitee goes onto an area of a landowner's property to which he was not invited, the invitee then may become a trespasser or licensee with less rights vis-à-vis the landowner.

In Feinberg v. The Stone-Adler Co., 3 Conn. Supp. 202 (1935), the Court held that an invitee that went outside of the area of the property he had been invited to lost his status as an invitee, and thus could not recover against the landowner for the injuries he claimed. The Court held:

It follows, necessarily, that the legal duty owing by an invitor to an invitee does not extend to portions of the premises which the latter is not impliedly invited to use from the fact that he has been invited to enter other portions of such premises. *Rooney v. Woolworth, et al.,* 74 Conn. 720, 721; *Keeran v. Spurgeon Mercantile Company,* 194 Iowa, 1240, 191 N.W. 99, 27 A.L.R. 579, 683; *Scanlon v. United Stores Co.,* 228 Mass. 481, 117 N.E. 540, 841, 45 O.J., pp. 831, 832, #240; 40 R.O.L. 66, 87.

Id. at p. 205.

The Court further stated:

> That the defendant was thus within its rights in regulating the use of its own property is self-evident. That the plaintiff in interfering with the exercise of that right, without permission from someone having authority to give it in behalf of defendant, probably became a trespasser is not an unreasonable conclusion. Of a certainty such would be the case if he exceeded the limits of a licensee, to the extent that he did so, although that would not make him a trespasser ab inito. *Katsonas v. Sutherland Building & Contracting Co.,* 104 Conn. 54. Obviously, at least, in passing "the bounds of his invitation", the plaintiff lost the status of an invitee, if he could be said to have had or acquired that status "and the rights which accompany it". 45 C.J. p. 850, #239

> The principal right thus sacrificed was the benefit of the duty which the defendant would have owed as an invitor to use reasonable care to maintain the premises in a reasonably safe condition for plaintiff's use as an invitee and the substitution in its stead of a duty only on defendant's part to refrain from active negligence. Defendant was not guilty of any violation of this latter duty.

Moreover, in Mahan v. Ehrsam, 6 Conn. Supp. 95 (1938), the Court denied a motion to set aside a jury verdict which had found that the defendant was not liable because the plaintiff, be he deemed an invitee or a licensee, exceeded the boundaries of the property to which he had been "invited," and thus become a trespasser as to that part of the property he had not been authorized to be on.

The Court stated:

> One exceeding the limits of his invitation or license may become a trespasser, and the questions were left to the jury as question of fact. *Katsonas v. Sutherland Building & Contracting Co.*, 104 Conn. 54, 62. Also note, *Knapp v. Connecticut Theatrical Corp.*, 122 Conn. 413, 416: "One may be an invitee as to a portion of a building and not enjoy that status as to other portions thereof. That status does not exist when the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the owner would not reasonably expect the invitee to use in connection with the conduct of the business on the premises."

Id. at 96. (emphasis ours)

Here, while defendant Echo Bay Marina, LLC allowed its slip rental clients; i.e., Mark Voeltz, to have guests on their boats while they were docked at defendant Echo Bay Marina, LLC,

and to ingress and egress from shore to the Voeltz vessel and back, it had specifically <u>prohibited</u> <u>launching of guest boats and/or the launching of any boats after 8:00 p.m. and on weekends and</u> <u>holidays</u>. Plaintiff Victor Chacon was engaged, both in the totally prohibited launching of a guest boat and the prohibited launching of any boat on a weekend, at the time of his alleged injuries. Moreover, defendant Echo Bay Marina, LLC had at no time authorized guests in its launching area which was off to one side of the marina and not in proximity to the path that Victor Chacon would have taken had he been going to the Voeltz's vessel. Clearly, plaintiff Victor Chacon was engaged in an activity not authorized by defendant Echo Bay Marina, LLC and was in an area of the marina to which defendant Echo Bay Marina, LLC had never authorized its rental slip clients to bring their guests. Simply put, the activities and area which plaintiff Victor Chacon asserts he engaged in at the time of his alleged injury make him a trespasser, to which defendant Echo Bay Marina, LLC owed no duty.

Here plaintiff Victor Chacon has admitted that he did not, nor did anyone in the Voeltz party[4] request permission from anyone at defendant Echo Bay Marina, LLC for permission to launch the jet ski owned by Michael D'Antona. Additionally, Mark Voeltz, who had contracted for a slip in which to keep his 24' Chaparel motorboat, and Michael D'Antona, both testified that no one in the Voeltz party had requested permission of anyone at defendant Echo Bay Marina, LLC to launch Michael D'Antona's jet ski on June 25, 2000. In fact, Marc Rogg, a member of Echo Bay Marina, LLC, testified on deposition that had such a request been made, it would have been denied as per defendant Echo Bay Marina, LLC's standing policy. (Deposition Transcript of Marc Rogg at *p. 28, ll.* 19-25 and *p. 29, l.* 1) (See also the 28 U.S.C. §1746 Statement of Marc Rogg)

---

[4] For convenience, the persons that accompanied Mark Voeltz, a slip paying client of defendant Echo Bay Marina, LLC on June 25, 2000, will be referred to as the Voeltz party. They are believed to include Mark Voeltz, his wife, Michael D'Antona and his wife, and plaintiff Victor Chacon and his girlfriend.

Additionally, Marc Rogg testified that the boat slip clients of defendant Echo Bay Marina, LLC were advised via its published rules and regulations, sent to its slip rental clients each year prior to the boating season, that the slip renting client, i.e., Mark Voeltz in this case, was <u>not</u> allowed to launch his 23' Chaparel boat after 8:00 p.m. on weekdays or on weekends or holidays, and that launching of "guest" boats was <u>prohibited</u> at <u>all</u> times. (Exhibit A to the 28 U.S.C. §1746 Statement of Marc Rogg - highlighting ours) (Deposition Transcript of Marc Rogg at *p.* 17, *ll.* 14-25, *p.* 27, *ll.* 12-17, *p.* 36, *ll.* 20-21)(Deposition Transcript of Tomi Guandalini, p. 9, *ll.* 6-25) Moreover, the authorization allowing slip rental clients to launch or haul their own vessels was of a limited nature, i.e., for the purpose of allowing the client to launch or haul at the beginning and end of each boating season, and to allow a client to occasionally take their vessel to another body of water. Furthermore, plaintiff Victor Chacon, Michael D'Antona and Mark Voeltz testified that no one from defendant Echo Bay Marina, LLC was aware of their presence at the launching area. Nor was anyone at defendant Echo Bay Marina, LLC aware of the presence of the Voeltz party and their activities of launching a non-client vessel in contravention of defendant Echo Bay Marina, LLC's published rules and regulations.

Additionally, plaintiff Victor Chacon testified on deposition that he had no knowledge of defendant Echo Bay Marina, LLC prior to appearing there as a guest of Mark Voeltz on Sunday, June 25, 2000; i.e., he did not travel to defendant Echo Bay Marina, LLC for any business purpose, but appeared there as a non-paying guest of Mark Voeltz. (See Deposition Transcript of Victor Chacon at *p.* 26, *ll.* 18-25, *p.* 27 *l.* 1, *pp.* 85-87)

The duty of a landowner to a licensee is well-stated in <u>Gudwin v. Gudwin</u>, 14 Conn. Supp. 147, 149 (1946). The Court stated:

8

"An owner of land ordinarily <u>owes no duty to a licensee</u>, any more than he does to a trespasser, <u>to keep his premises in a safe condition because the licensee or trespasser must take the premises as he finds them and assumes the risk of any danger arising out of their condition</u>." *Hayes v. New Britain Gas Light Co.*, 121 Conn. 356, 357. However, if a landowner knows that a licensee is on his premises and "he there creates a condition which he might reasonably anticipate would cause danger to the licensee and creates it under such circumstances that the latter would not, by reasonable use of his own senses, discover it, the landowner owes the licensee the duty to take reasonable means to safeguard him against the extra hazard by removing the cause of danger or giving reasonable warning of its presence." *Olderman v. Bridgeport-City Trust Co.*, 125 Conn. 177, 182.

And even where the dangerous condition is not the result of some activity on the part of the landowner and, in that sense, is not created by him, he "may also be under a duty to warn a licensee of whose presence he becomes aware of dangerous conditions which the owner knows but which he cannot reasonably assume that the licensee knows or by a reasonable use of his faculties would observe." *Deacy v. McDonnell*, supra, 104.
(emphasis ours)

Here, defendant Echo Bay Marina, LLC was not aware of plaintiff Victor Chacon's presence in its launching area in which he was engaged in the launching of an unauthorized vessel.

Assuming, <u>arguendo,</u> that defendant Echo Bay Marina, LLC was aware of plaintiff Victor Chacon's presence in the launching ramp area, the plaintiff Victor Chacon still cannot succeed on his claim against defendant Echo Bay Marina, LLC.

Here, plaintiff Victor Chacon testified on deposition that he was aware of the wetted condition of part of the ramp he alleges he slipped on and that wetted surfaces can and are slippery. (Deposition Transcript of Victor Chacon at *p.* 22, *ll.* 18-24, *p.* 23, *ll.* 1-2, *p.* 48, *ll.* 6-24, *p.* 49, *ll.* 1-17)

Additionally, plaintiff Victor Chacon, an automobile mechanic, admitted during his testimony that he was aware, through his daily work in an automobile garage, that wetted surfaces are slippery.

9

Moreover, plaintiff Victor Chacon admitted on deposition that he does not know whether or not he was on the dry portion of the wood ramp or the wetted portion of the wood ramp at the time he alleges that he slipped. (Deposition Transcript of Victor Chacon at *p. 50, ll. 8-11, p. 51, ll. 4-21, p. 52, ll. 2-5* and *p. 63, ll. 12-15*)[5]

In Gudwin v. Gudwin at 150, the Court further held that the plaintiff could not recover against the landowner because he had been a guest at the landowner's premises for three days, and was aware of the icy condition of the driveway on which he fell. Thus, like in Gudwin, plaintiff Victor Chacon may not recover herein because he has admitted that he was aware that the wooden ramp in the launching area situated at defendant Echo Bay Marina, LLC was both wet and that wet surfaces can be slippery. The Court stated:

> The defendant in the present case knew, of course, of his brother's presence, for the latter had been his house guest for two or three days. The defendant also knew, or was chargeable with knowledge of, the slippery condition of the concrete apron in front of the garage doors. It was, therefore, his duty either to remove the dangerous condition or to warn his brother of its presence <u>unless, under all the circumstances, he could reasonably assume that his brother was already aware of it</u>. Under the circumstances, it seems to me that he was entitled to make that assumption. The plaintiff had been his guest since the preceding Saturday. Although it does not appear that the plaintiff had driven the defendant's car in or out of the garage prior to the evening of February 19, it does appear that he had been to the garage with the defendant on other occasions in the course of his visit. Just before the fall which caused his injuries he had walked from the garage to the house with an armful of groceries. <u>He testified directly that he knew that there was ice on the ground around the garage. The only reasonable inference from the evidence is that he was fully aware of the icy conditions which prevailed not only on the concrete apron but generally over the surrounding ground. I, therefore, conclude that the defendant violated no duty in failing to warn him of the danger.</u>

(emphasis ours)

In Dougherty v. Graham, 161 Conn. 248, 251 (1971), the Supreme Court of Connecticut upheld the finding of no liability against a landowner to a licensee when it was found that the

---

[5] David Guadalini, a boat slip owner at defendant Echo Bay Marina, LLC, testified on deposition that plaintiff Victor Chacon injured himself when he attempted to <u>jump</u> between the "float" and the concrete launching ramp itself.

10

licensee knew of the condition appeared the hazard but was mistaken in his own judgment. The Supreme Court of Connecticut stated:

> Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition. *Hennessey v. Hennessey, 145 Conn. 211, 213, 140 A.2d 473; Laube v. Stevenson, 137 Conn. 469, 474, 78 A.2d 693.* A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he: (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain on the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn the licensee of the condition and the risk involved therein.

(emphasis ours)

\* \* \*

> Prior to tobogganing down the hill, he saw a brook or a gully at the bottom of the hill. He and Salvatore tobogganed down a part of the hill near a snow fence because they thought it would be a smoother ride. They passed by the gully. The plaintiff knew that an open gully ran all the way across the defendant's property but did not think the toboggan would reach it. "We didn't think we'd hit it. We didn't think we'd make it up to it . . . . We didn't think we'd make it up there to the full length." The plaintiff knew that there were mounds of dirt two-and-one-half or three feet high in front of the gully.

\* \* \*

> From the deposition taken of the plaintiff, it is apparent that he knew of the condition which caused his injuries and appreciated its dangers. Thus, the trial court did not err in concluding that the defendant breached no duty owing to the plaintiff.

Id. at 251-252. (emphasis ours)

Here, plaintiff Victor Chacon was well aware that the wooden ramp was partially submerged and that wet surfaces are slippery. Defendant Echo Bay Marina, LLC thus had no duty to warn plaintiff Victor Chacon that the wooden ramp was wet and/or possibly slippery. As such, it can not be liable under controlling case law for the injuries that plaintiff Victor Chacon alleges he sustained on June 25, 2000.

---

(Deposition Transcript of David Guadalini at *pp.* 6 & 7)

11

In <u>Corcoran v. Iacovino</u>, 161 Conn. 462, 465 (1971), the Supreme Court of the State of Connecticut held that a guest invited to the premises of a landowner by his employee was a social guest of the employee and not an invitee of the employer/landowner. As such, the landowner was not liable for the injuries sustained by the plaintiff which resulted from her falling into a grease pit.

> The extent of the duty which the defendant owed to Barbara depends on her status at the time of her injury. The plaintiffs contend that she was an invitee, and the defendant that she was at most a licensee. Invitees fall into certain general categories. A public invitee "is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." Restatement (Second), 2 Torts § 332. *Section 52-557a* of the General Statutes, which provides that "[t]he standard of care owed to a social invitee shall be the same as the standard of care owed to a business invitee," in effect recognizes a third kind of invitee, namely, the social invitee. <u>The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land to enter the land or remain on the land.</u> Although an invitation in itself does not establish the status of an invitee, <u>it is essential to it. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee.</u> Restatement (Second), 2 Torts § 332, comment b.

> In the present case, the aforementioned evidence does not show that Barbara was either a member of the public invited to enter or remain on the premises by the defendant for a purpose for which the premises were held open to the public or that she was a person invited to enter or remain on the premises by the defendant for a purpose connected with the business of the defendant, and this evidence does not show that Barbara was a social guest of the defendant, nor that the purpose of Barbara's visit involved some economic or business benefit to the defendant. The evidence simply shows that Barbara was a social guest of the defendant's employee Harold.

(emphasis ours)

The Supreme Court of Connecticut further held:

> <u>A licensee coming on the premises of a possessor of land must take them as he finds them.</u> *Hennessey v. Hennessey, 145 Conn. 211, 213, 140 A.2d 473; Laube v. Stevenson, 137 Conn. 469, 474, 78 A.2d 693.* "A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he: (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain on the land, without exercising reasonable care (1) to make the

condition reasonably safe, or (2) to warn the licensee of the condition and the risk involved therein." *Dougherty v. Graham, 161 Conn. 248, 251, 287 A.2d 382; see Bears v. Hovey, 159 Conn. 358, 360-61, 269 A.2d 7; Hennessey v. Hennessey, supra; Lubenow v. Cook, 137 Conn. 611, 613, 79 A.2d 826; Laube v. Stevenson, supra;* Restatement, 2 Torts § 343.

Although the measure of duty which the defendant owed Barbara was that applicable to a licensee, such duty did not arise unless Barbara's presence on the premises became known to the defendant. The knowledge must have been actual or the equivalent to actual knowledge. The duty which a licensor owes to a licensee on the licensor's premises does not arise where there is no actual knowledge on the part of the licensor of the licensee's presence or where there are no circumstances from which such knowledge could be imputed to the licensor. See *Haffey v. Lemieux, 154 Conn. 185, 189, 224 A.2d 551; Lubenow v. Cook, supra, 614; Ward v. Avery, 113 Conn. 394, 397, 155 A.502.* Here, it is undisputed that the defendant had no actual knowledge of the presence of Barbara in the service station at the time she was injured.

There remains the question whether knowledge of Barbara's presence on the premises of the service station at the time of her injury could be imputed to the defendant.

There was nothing in the evidence which would justify a conclusion that when Harold entered the service station he was acting within the scope of his employment or in furtherance of the interests of the defendant. Nor would the evidence justify a conclusion that he was acting as the defendant's agent. See *MacKay v. Aetna Life Ins. Co., 118 Conn. 538, 550, 173 A. 783; Resnik v. Morganstern, 100 Conn. 38, 43, 122 A. 910; 3 Am. Jur. 2d Agency § 275.* Consequently, Harold's knowledge of the presence of Barbara on the premises could not be imputed to the defendant.

Id. at 467-468. (emphasis ours)

Here, plaintiff Victor Chacon was a guest of Mark Voeltz, who was engaged in an activity not authorized by his contract with defendant Echo Bay Marina, LLC, and of which defendant Echo Bay Marina, LLC was not aware. Because plaintiff Victor Chacon was not invited to its premises by defendant Echo Bay Marina, LLC for any business purpose of defendant Echo Bay Marina, LLC, he cannot be an invitee and, at best, is a licensee, of which defendant Echo Bay Marina, LLC had no knowledge.

## CONCLUSION

Based on the foregoing, defendant Echo Bay Marina, LLC's Motion for Summary Judgment should be granted.

Dated: Easton, Connecticut
      January 14, 2004

LOVEJOY & ASSOCIATES
Attorneys for Defendant,
Echo Bay Marina, LLC


By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

ChaconMOL.doc

14

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 14, 2004, postage prepaid, to:

Robert H. Keyes, Esq.
The Haymond Law Firm
1000 Lafayette Boulevard, Suite 210
Bridgeport, Connecticut 06604

Frederick A. Lovejoy

15