UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------
VICTOR CHACON,
    Plaintiff,

    -against-

ECHO BAY MARINA, LLC,
    Defendant.
------------------------------------

3:02CV1016(CFD)

FILED
2004 JAN 15  P

U.S. DISTRICT COURT
HARTFORD, CT.

January 14, 2004

**DEFENDANT ECHO BAY MARINA, LLC'S LOCAL CIVIL RULE 56(a)(1)
STATEMENT OF UNDISPUTED FACTS**

    1.    Defendant Echo Bay Marina, LLC, through its attorneys, LOVEJOY & ASSOCIATES, in support of its Motion for Summary Judgment, hereby sets forth its Rule 56(a)(1) Statement of Material Facts as to which there is no genuine issue to be tried.

    2.    Defendant Echo Bay Marina, LLC operates a private marina situated at 227 Candlewood Lake Road, Brookfield, Connecticut, and as such, it rents boat slips on a seasonal basis to 286 patrons. (See 28 U.S.C. §1746 Statement of Marc Rogg)

    3.    That defendant Echo Bay Marina, LLC also operates a retail marine store that is also located at 227 Candlewood Lake Road. (See 28 U.S.C. §1746 Statement of Marc Rogg) (Deposition Transcript of Marc Rogg at *p.* 8, *ll.* 22-25 and *p.* 9, *ll.* 1-5)

    4.    That the retail store, which in addition to providing supplies and services to boat slip rental patrons, also sells merchandise, including boats, to the general public, is located on the <u>east side</u> of Candlewood Lake Road. (See 28 U.S.C. §1746 Statement of Marc Rogg) (Deposition Transcript of Marc Rogg at *p.* 8, *ll.* 22-25 and *p.* 9, *ll.* 1-5)

    5.    That on the <u>west side</u> of Candlewood Lake Road and apart from the retail store are the 286 boat slips which constitute the marina and which are operated as a private marina between

May 1st and October 1st of each year. (See 28 U.S.C. §1746 Statement of Marc Rogg) (Deposition Transcript of Marc Rogg at *p.* 12, *ll.* 8-23)

6. The two portions of the property that comprise Echo Bay Marina, LLC are bisected by Candlewood Lake Road. (See 28 U.S.C. §1746 Statement of Marc Rogg) (Deposition Transcript of Marc Rogg at *p.* 8, *ll.* 22-25 and *p.* 9, *ll.* 1-5)

7. As part of the marina, there is a boat launching ramp that is used by defendant Echo Bay Marina, LLC personnel to haul and/or launch boats which are to be serviced by defendant Echo Bay Marina, LLC, and/or commissioned in the spring or decommissioned in the fall, which belong to boat slip rental patrons. (See 28 U.S.C. §1746 Statement of Marc Rogg)

8. Additionally, those persons that rent boat slips, from defendant Echo Bay Marina, LLC, are allowed to personally use the boat launching ramp on a restricted basis in respect to the specific vessel that they have contracted to dock in one of our slips, but not for any other vessels and/or reason. (See 28 U.S.C. §1746 Statement of Marc Rogg)

9. That defendant Echo Bay Marina, LLC has at no time, including the 2000 year boating season, allowed launching of any type of vessel by transients; i.e., non-members. (See 28 U.S.C. §1746 Statement of Marc Rogg)

10. That patrons of defendant Echo Bay Marina, LLC's enter into seasonal contracts, i.e., either summer and/or winter contracts, with defendant Echo Bay Marina, LLC, which allows the patron to either dock or store a particular vessel at defendant Echo Bay Marina, LLC's facilities. (See 28 U.S.C. §1746 Statement of Marc Rogg)

11. That the restrictions that defendant Echo Bay Marina, LLC imposes, and which were in effect during the 2000 year boating season, are that a boat slip rental patron <u>may not launch or haul his boat after 8:00 *p.*m. or on weekends or holidays. Additionally, each boat slip rental patron</u>

was advised that no guest boat launching was/is allowed. (See Echo Bay Marina, LLC rules and regulations that were in effect for the 2000 boating season, attached as Exhibit A to 28 U.S.C. §1746 Statement of Marc Rogg). (See Deposition Transcript of Tomi Guandalini at *p.* 9, *ll.* 6-25 and *p.* 10, *ll.* 1-6) (See Deposition Transcript of Marc Rogg at *p.* 17, *ll.* 14-25 and *p.* 18, *ll.* 1-6)

12. That in the spring of 2000, Mark Voeltz, a patron of defendant Echo Bay Marina, LLC, entered into a written contract which allowed him to dock a 23' Chaparal motorboat in slip 224 at Dock B at defendant Echo Bay Marina, LLC's facility. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcript of Marc Rogg at *pp.* 29, *l.* 20-23, *p.* 30, *ll.* 19-25, and *p.* 31, *ll.* 1-3) (See Deposition Transcript of Mark Voeltz at *p.* 52, *ll.* 2-9)

13. That in conjunction with the contract that Mark Voeltz executed, defendant Echo Bay Marina, LLC sent to Mark Voeltz a copy of its Rules and Regulations at the time that it sent to him his slip rental contract to execute, and his parking tags for his vehicles for the 2000 year boating season. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcript of Marc Rogg at *p.* 17, *ll.* 14-25 and *p.* 18, *ll.* 1-6)

14. That in 2000, Mark Voeltz rented slip 224, which is situated on dock B. (See 28 U.S.C. §1746 Statement of Marc Rogg) (See Deposition Transcript of Mark Voeltz at *p.* 9, *ll.* 5-25, *p.* 10, *ll.* 1-6, *p.* 13, *ll.* 1-21, *p.* 50, *ll.* 18-23, *p.* 55, *ll.* 11-13, *p.* 72, *ll.* 11-25 and *p.* 73, *ll.* 1-3)

15. That the Rules and Regulations and parking tags and contract were sent to boat slip rental patrons in the course of its regular business on an annual basis. (See 28 U.S.C. §1746 Statement of Marc Rogg) (See Deposition Transcript of Marc Rogg at *p.* 17, *ll.* 21-25 and *p.* 18, *ll.* 1-6)

16. That the Rules and Regulations sent to Mark Voeltz clearly stated that there would be no launching of vessels after 8:00 *p.*m. and on weekends or holidays, and that guests of

patrons were not allowed to launch boats. (See Exhibit A to the 28 U.S.C. §1746 Statement of Marc Rogg)

17.     That on June 25, 2000, plaintiff Victor Chacon traveled with Mark Voeltz, an Echo Bay Marina, LLC boat slip rental patron, and Michael D'Antona to the facilities of defendant Echo Bay Marina, LLC with a jet ski owned by either Mr. D'Antona or plaintiff Victor Chacon for the purpose of launching that jet ski at the facilities of defendant Echo Bay Marina, LLC. (See Deposition Transcripts of Victor Chacon at *p.* 35, *ll.* 4-24 and *p.* 36, *ll.* 1-5, *p.* 39, *ll.* 9-24, Deposition Transcript of Mark Voeltz at pp. 18-21, and Deposition Transcript of Michael D'Antona at *p.* 7, *ll.* 2-12)

18.     That the jet ski was not the specific vessel for which Mark Voeltz had contracted with defendant Echo Bay Marina, LLC to dock at its facility, but a vessel owned by a non-member; i.e., a guest vessel. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcripts of Mark Voeltz at *p.* 52, *ll.* 2-9)

19.     That on June 25 2000, plaintiff Victor Chacon did not ask the permission of anyone at defendant Echo Bay Marina, LLC to launch Michael D'Antona's jet ski. (See Deposition Transcript of Victor Chacon, *p.* 55, *ll.* 9-15) (28 U.S.C. §1746 Statement of Marc Rogg)

20.     That on June 25, 2000, <u>no one</u> in the Voeltz party requested permission of anyone at defendant Echo Bay Marina, LLC to launch the D'Antona jet ski. (See Deposition Transcript of Mark Voeltz at *p.* 53, *ll.* 23-25 and *p.* 54, *ll.* 1-4, *p.* 67, *ll.* 4-10) (Deposition Transcript of Michael D'Antona at *p.* 16, *ll.* 19-24), and (28 U.S.C. §1746 Statement of Marc Rogg)

21.     That the launching of the D'Antona jet ski on June 25, 2000 was unauthorized. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcripts of Victor Chacon at *p.* 55, *ll.*

4

9-15, Deposition Transcript of Mark Voeltz at *p.* 53, *ll.* 23-25, *p.* 54, *ll.* 1-4, *p.* 67, *ll.* 4-10, and Deposition Transcript of Michael D'Antona at *p.* 16, *ll.* 19-24)

22.    That prior to June 25, 2000, plaintiff Victor Chacon had not heard of Candlewood Lake or of defendant Echo Bay Marina, LLC. (See Deposition Transcript of Victor Chacon, *p.* 26, *ll.* 18-25, *p.* 27, *l.* 1, and *pp.* 85-87)

23.    That had anyone in the Voeltz party requested permission of anyone at defendant Echo Bay Marina, LLC to launch the D'Antona jet ski on June 25, 2000, the request would have been denied and they would have been directed to the public State of Connecticut launching ramp, which is approximately ½ mile south of Echo Bay Marina, LLC. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcript of Marc Rogg at *p.* 28, *ll.* 19-21)

24.    That prior to using the ramp that Victor Chacon claims that he slipped on, he observed that the bottom one-half of it was submerged. (Deposition Transcript of Victor Chacon at *p.* 48, *ll.* 6-24 and *p.* 49, *ll.* 1-17)

25.    That plaintiff Victor Chacon knew prior to using the ramp that he alleges he slipped on that wet surfaces can be slippery. (Deposition Transcript of Victor Chacon at *p.* 48, *l.* 24 and *p.* 49, *ll.* 1-6, and *p.* 22, *ll.* 18-24 and *p.* 23, *ll.* 1-2)

26.    In fact, plaintiff Victor Chacon does not even know if the portion of the ramp that he claims to have slipped on was the dry or wet portion of the ramp. (Deposition Transcript of Victor Chacon at *p.* 50, *ll.* 8-11 and *p.* 51, *ll.* 4-21, and *p.* 52, *ll.* 2-5 and *p.* 63, *ll.* 12-15)

27.    That prior to learning on June 25, 2000 that plaintiff Victor Chacon was injured on the boat launching ramp, no one employed and/or associated with defendant Echo Bay Marina, LLC was aware of his presence on the property of defendant Echo Bay Marina, LLC.

28. That prior to and during the 2000 year boating season, there was posted a sign at the entrance to the marina that stated "Members Only." (See 28 U.S.C. §1746 Statement of Marc Rogg)

29. That the aforementioned sign was white with red lettering as was/is clearly visible to anyone entering the marina portion of Echo Bay Marina, LLC. (See 28 U.S.C. §1746 Statement of Marc Rogg) (See Deposition Transcript of Marc Rogg at *p.* 20, *ll.* 24-25 and *p.* 21, *ll.* 1-9)

30. That one can go directly from Candlewood Lake Road to the Echo Bay Marina, LLC launching ramp, but must proceed through a parking lot prior to which the "Members Only" sign is situated. (Deposition Transcript of Marc Rogg at *p.* 21, *ll.* 3, 9, 23 and 24)

31. That the injuries alleged to have been sustained by plaintiff Victor Chacon occurred in the launching ramp area.

32. That the launching ramp area is not in the vicinity of dock B, where the 23' Chaparal vessel belonging to Voeltz is located.

33. That had plaintiff Victor Chacon proceeded to Mark Voeltz's 23' Chaparal vessel situated on B dock, he would not have been anywhere near the boat launching ramp area. (See 28 U.S.C. §1746 Statement of Marc Rogg)

34. The ramp on which plaintiff Victor Chacon alleges he slipped was constructed for the use of a wheelchair bound patron named Jack Anderson. (See Deposition Transcript of Marc Rogg at *p.* 41, *ll.* 21-25 and *p.* 42, *ll.* 1-14)

35. The handicapped ramp, which was constructed for Mr. Jack Anderson, is normally completely out of the water. (See 28 U.S.C. §1746 Statement of Marc Rogg)

36. That Candlewood Lake is a manmade lake. (See 28 U.S.C. §1746 Statement of Marc Rogg)

37.  That infrequently, the level of Candlewood Lake is raised by Connecticut Light & Power Company, which operates a dam on the lake. (See 28 U.S.C. §1746 Statement of Marc Rogg)

38.  The rising of the Candlewood Lake so that the lower portion of the ramp that was constructed for Mr. Jack Anderson is submerged occurs approximately once every five years. (See 28 U.S.C. §1746 Statement of Marc Rogg and Deposition Transcript of Marc Rogg at *p. 67, ll.* 13-19)

39.  That at the time that plaintiff Victor Chacon was injured at Echo Bay Marina, LLC on June 25, 2000, he was trespassing.

40.  That the injuries sustained by plaintiff Victor Chacon on June 25, 2000 occurred as a result of his own negligence; i.e., he attempted to jump between a dock and the concrete launching ramp and did not succeed. (See Deposition Transcript of David Guandalini at *pp.* 6 and 7)

Dated: Easton, Connecticut  
January 14, 2004

LOVEJOY & ASSOCIATES  
Attorneys for Defendant,  
Echo Bay Marina, LLC

By: _____  
Frederick A. Lovejoy (CT 03121)  
276 Center Road  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

ChaconRule56Statement.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 14, 2004, postage prepaid, to:

Robert H. Keyes, Esq.
The Haymond Law Firm
1000 Lafayette Boulevard, Suite 210
Bridgeport, Connecticut 06604

_____
Frederick A. Lovejoy