UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

----------------------------------------

VICTOR CHACON,
    Plaintiff,

    -against-

ECHO BAY MARINA, LLC,
    Defendant.

----------------------------------------

2004 JAN 16  P 2: 09

3:02CV1016 (CFD)

U.S. DISTRICT COURT
HARTFORD, CT.

January 14, 2004

STATEMENT OF MARC ROGG PURSUANT TO
28 U.S.C. § 1746 IN SUPPORT OF DEFENDANT ECHO BAY MARINA, LLC'S
<u>MOTION FOR SUMMARY JUDGMENT</u>

1. I am a member of defendant Echo Bay Marina, LLC, a Connecticut Limited Liability Company, and was so on June 25, 2000. As such, I am fully familiar with the facts and circumstances herein.

2. I make this affirmation in support of defendant Echo Bay Marina, LLC's Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure 56, for an Order dismissing the complaint of plaintiff Victor Chacon.

3. That I have been the manager of Echo Bay Marina, LLC since December 1993.

4. Defendant Echo Bay Marina, LLC operates a private marina situated at 227 Candlewood Lake Road, Brookfield, Connecticut, and as such, it rents boat slips on a seasonal basis to 286 patrons.

5. That defendant Echo Bay Marina, LLC also operates a retail marine store that is also located at 227 Candlewood Lake Road.

6. That the retail store, which in addition to providing supplies and services to boat slip rental patrons, also sells merchandise, including boats, to the general public, is located on the eastern side of Candlewood Lake Road.

1

7. That on the western side of Candlewood Lake Road and apart from the retail store are the 286 boat slips which constitute the marina which operated as a private marina.

8. The two portions of the property that comprise Echo Bay Marina, LLC are bisected by Candlewood Lake Road.

9. As part of the marina, there is a boat launching ramp that is used by defendant Echo Bay Marina, LLC personnel to haul and/or launch boats which are to be serviced by defendant Echo Bay Marina, LLC, and/or commissioned in the spring or decommissioned in the fall, which belong to boat slip rental patrons.

10. Additionally, those persons that rent boat slips, from defendant Echo Bay Marina, LLC, are allowed to personally use the boat launching ramp on a restricted basis in respect to the specific vessel that they have contracted to dock in one of our slips, but not for any other vessels and/or reason.

11. That patrons of defendant Echo Bay Marina, LLC's enter into seasonal contracts, i.e., either summer and/or winter contracts, with defendant Echo Bay Marina, LLC, which allows the patron to either dock or store a particular vessel at defendant Echo Bay Marina, LLC's facilities.

12. That the restrictions that defendant Echo Bay Marina, LLC imposes, and which were in effect during the 2000 year boating season, are that a boat slip rental patron <u>may not launch or haul his boat after 8:00 p.m. or on weekends or holidays. Additionally, each boat slip rental patron was advised that no guest boat launching was/is allowed</u>. Attached hereto as Exhibit A is a photocopy of the rules and regulations that were in effect for the 2000 boating season.

13. That at my deposition taken on April 25, 2003, the Echo Bay Marina, LLC Rules and Regulations for the 2002 boating season were marked as Exhibit 14. (See Exhibit A attached hereto)

14. That the Echo Bay Marina, LLC Rules and Regulations for the 2002 Boating Season were identical to those sent to Echo Bay Marina, LLC's patrons for the 2000 Boating Season, except that we changed from static cling parking stickers that stuck on a windshield to parking tags which hang from the rear view mirror, and the boating season referred to in the letter was changed.

15. That the reason that we could not locate the Echo Bay Marina, LLC 2000 Boating Season Rules and Regulations is that the letter is maintained in our computer system and we simply amend the year stated in the letter, which we send out to our boat slip rental patrons on an annual basis as close to March 15th as possible.

16. That if this lawsuit had been filed prior to the 2001 Boating Season, we could have printed the 2000 Boating Season Rules and Regulations prior to changing the date therein and mailing it to our patrons in March 2001.

17. That in the spring of 2000, Mark Voeltz, a patron of defendant Echo Bay Marina, LLC, entered into a written contract which allowed him to dock a 23' Chaparal motorboat in slip 224, Dock B at defendant Echo Bay Marina, LLC's facility.

18. That in conjunction with the contract that Mark Voeltz executed, defendant Echo Bay Marina, LLC sent to Mark Voeltz a copy of its Rules and Regulations at the time that it sent to him his slip rental contract to execute, and his parking tags for his vehicles for the 2000 year boating season.

19. That in 2000, Mark Voeltz rented slip #224, which is situated on dock B.

20. That the Rules and Regulations and parking tags and contract were sent to boat slip rental patrons in the course of its regular business on an annual basis.

21. That the Rules and Regulations sent to Mark Voeltz clearly stated that there would be no launching of vessels after 8:00 p.m. and on weekends or holidays, and that guests of patrons were not allowed to launch boats. (See Exhibit A)

22. That I understand that on June 25, 2000, plaintiff Victor Chacon traveled with Mark Voeltz, an Echo Bay Marina, LLC boat slip rental patron, and Michael D'Antona to the facilities of defendant Echo Bay Marina, LLC with a jet ski owned by Mr. D'Antona for the purpose of launching that jet ski at the facilities of defendant Echo Bay Marina, LLC.

23. That the jet ski was not the particular vessel for which Mark Voeltz had contracted with defendant Echo Bay Marina, LLC to dock at its facility, but a vessel owned by a non-member; i.e., a guest vessel.

24. That on June 25 2000, plaintiff Victor Chacon did not ask the permission of anyone at defendant Echo Bay Marina, LLC to launch Michael D'Antona's jet ski.

25. That on June 25, 2000, no one in the Voeltz party requested permission of anyone at defendant Echo Bay Marina, LLC to launch the D'Antona jet ski.

26. That I learned that while plaintiff Victor Chacon was engaged in launching the jet ski owned by Michael D'Antona, he broke his ankle, for which he has sued defendant Echo Bay Marina, LLC, only after the incident occurred.

27. That the launching of the D'Antona jet ski on June 25, 2000 was not authorized by anyone employed or associated with Echo Bay Marina, LLC.

28. That no employee and/or member of defendant Echo Bay Marina, LLC was aware of plaintiff Victor Chacon's presence on the property of Echo Bay Marina, LLC until after the incident occurred.

29. That had anyone in the Voeltz party requested permission of anyone at defendant Echo Bay Marina, LLC to launch the D'Antona jet ski on June 25, 2000, the request would have been denied and they would have been directed to the public State of Connecticut launching ramp, which is approximately ½ mile south of Echo Bay Marina, LLC.

30. That prior to and during the 2000 year boating season, there was posted a sign at the entrance to the marina that stated "Members Only."

31. That the aforementioned sign was white with red lettering as was/is clearly visible to anyone entering the marina portion of Echo Bay Marina, LLC.

32. That the injuries alleged to have been sustained by plaintiff Victor Chacon occurred in the launching ramp area.

33. That the launching ramp area is not in the vicinity of dock B, where the 23' Chaparal vessel belonging to Voeltz is located.

34. That had plaintiff Victor Chacon proceeded to Mark Voeltz's 23' Chaparal vessel situated on B dock, he would not have been anywhere near the boat launching ramp area.

35. The ramp on which plaintiff Victor Chacon alleges he slipped was constructed for the use of a wheelchair bound patron named Jack Anderson.

36. The handicapped ramp, which was constructed for Mr. Jack Anderson, is normally completely out of the water.

37. That Candlewood Lake is a manmade lake.

38. That infrequently, the level of Candlewood Lake is raised by Connecticut Light & Power Company, which operates a dam on the lake.

39. The rising of the Candlewood Lake so that the lower portion of the ramp that was constructed for Mr. Jack Anderson is submerged occurs approximately once every five years.

Dated: Easton, Connecticut
       January 14, 2004

       I declare under penalty of perjury that the foregoing is true and correct.

       _____
       MARC ROGG

Chacon1746StatementRogg.doc

# Exhibit A



227 Candlewood Lake Rd
Brookfield, CT 06804
Tel: (203) 775-7077
Fax: (203) 775-8809
Website: www.echobaymarina.com



March 15, 2002

Dear Echo Bay Slip Customer,

Thank you for your patronage during the upcoming 2002 season.

Enclosed are two parking tags for the 2002 season. We are continuing the parking policy for the 2002 season, with some slight changes. The parking policy is as follows:

1.) Hang your tag on the rearview mirror of your vehicle. The tags can easily be switched from one vehicle to another. If you misplace your tags, we will not issue replacements free of charge. The tags are numerically assigned to each customer. The cost for each lost tag replacement is $5.00.

2.) Parking in the lakeside lot is limited to vehicles with 2002 tags. All guests are required to park in either the fenced parking lot south of the building or the hillside parking areas north of the building. This will be enforced on weekends and holidays.

3.) Please do not park vehicles in the parking spots directly in front of the marina if you are going out on your boat.

4.) Park vehicles perpendicular to the bank. It may seem tight, but there is enough space. Also, please make an effort to park vehicles reasonably close to each other. If possible, try to consolidate into as few vehicles as possible before coming to the marina.

5.) Slip customer launching is not permitted on weekends, holidays, or after 8 p.m. No trailers are allowed in the lakeside parking lot. Park trailers in either lot across the street. Guest launching is never permitted. Guests are required to use the state launch.

We are confident that if everyone follows these guidelines, it will result in a more enjoyable marina experience for all of us. Thank you and happy boating.

Sincerely,


The Staff at Echo Bay Marina


FY

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 14, 2004, postage prepaid, to:


Robert H. Keyes, Esq.
The Haymond Law Firm
1000 Lafayette Boulevard, Suite 210
Bridgeport, Connecticut 06604

                                              _____
                                              Frederick A. Lovejoy