UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------
VICTOR CHACON,                        :
        Plaintiff,                   :         3:02CV1016 (CFD)
                                     :
        -against-                    :
                                     :
ECHO BAY MARINA, LLC,                :         March 26, 2004
        Defendant.                   :
---------------------------------
```

FILED 2004 MAR 29 P 2:38
U.S. DISTRICT COURT
HARTFORD, CT

DEFENDANT ECHO BAY MARINA, LLC'S REPLY MEMORANDUM OF
LAW IN RESPONSE TO PLAINTIFF VICTOR CHACON'S MEMORANDUM OF
LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, DATED FEBRUARY 25, 2004

Now comes defendant Echo Bay Marina, LLC and states as and for its reply to plaintiff Victor Chacon's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, dated February 25, 2004, as follows:

While totally ignoring and failing to address the fact that plaintiff Victor Chacon was engaged in the launching of a non-member's vessel during the time period when even marina members were prohibited from launching/hauling their own vessels, plaintiff Victor Chacon's attempts to create a genuine issue of material fact by proffering eleven (11) alleged factual issues, thus preventing this Court from granting defendant Echo Bay Marina, LLC's Motion for Summary Judgment.[1]

Unfortunately, not only does plaintiff Victor Chacon attempt to create issues of fact where none exist, he also misstates and/or mis-summarizes testimony in support thereof. We address each ad seriatim below:

"1.     That there were no restrictions made known to the members of the defendant Echo Bay Marina concerning use of the boat launching ramp (Deposition Testimony of Mark Voeltz, page

---

[1] The eleven alleged issues of fact appear at pp. 7, 8 & 9 of plaintiff Victor Chacon's Memorandum of Law and at pp. 4 & 5 of plaintiff's Local Civil Rule 9(c)2 Statement in Opposition to Defendant's Motion for Summary Judgment.

15, lines 8-14; page 16 lines 11-25; page 17, lines 2-9; page 24, lines 4-11; page 24, lines 18-25; page 25, lines 2-5)"

Response to No. 1:

At no time did Attorney Keyes ever ask Mark Voeltz at his deposition any direct questions about the boat launching ramp. Moreover, a reading of the testimony of Mark Voeltz, that plaintiff Victor Chacon cites, indicates it has nothing to do with the use of the boat ramp as Attorney Keyes suggests. Thus, the cited testimony is not relevant.

"2.     There was no attendant at or about the launching ramp or dock area to restrict access to marina members only. (Deposition testimony of Mark Voeltz page 27, lines 2-5 and page 74, lines 14-22) (Deposition testimony of Michael D'Antona page 20, lines 12-18) (Affidavit of Victor Chacon at paragraphs 9 and 10)"

Response to No. 2:

This alleged issue of fact is a non-issue. Plaintiff Victor Chacon cites the Court to no legal authority in support of the proposition that a private landowner must place an attendant and/or guard on his property in order to prevent unauthorized activity. Thus, whether or not defendant Echo Bay Marina, LLC had an attendant at its boat launch ramp is a non-issue.

"3.     That there was a custom and practice at the defendant Marina which allowed use of the launching ramp and dock during the weekends by both members and non-members. (Deposition testimony of Mark Voeltz, page 54, lines 5-18; page 55, lines 11-21) (Deposition testimony of Michael D'Antona page 20, lines 22-25 over to page 21, lines 1-3)"

Response to No. 3:

Again, Attorney Keyes misstates witness testimony. Mark Voeltz's testimony is entirely unclear on this issue as a reading of the same demonstrates. While Mark Voeltz did testify that he had seen boats being launched at the ramp, he did not testify if these sightings occurred on weekdays or weekends, and he <u>did not</u> testify as to whom was doing the launching. As the 28 U.S.C. §1746 Statement of Marc Rogg, dated March 24, 2004, indicates at para. 8 thereof, defendant Echo Bay Marina, LLC launched and hauled vessels on its ramp on weekends and holidays. While Michael D'Antona testified he saw a boat being launched on June 25, 2000, this is of no moment as the reason that defendant Echo Bay Marina, LLC restricted the use of the boat ramp on weekends and holidays was for its own business purposes; i.e., the launching of "for sale" boats or boats coming in and/or leaving from its service department. Thus, if Michael D'Antona did see a boat at the launch ramp, this does not establish that it was being launched by a member or a non-member. (See the 28 U.S.C. § 1746 Statement of Marc Rogg dated March 24, 2004.)

"4.    That the contract entered into by Mark Voeltz does not contain any language whatsoever limiting the use of the launching ramp or to bring guests to the premises. (See terms of Storage Agreement and General Rules attached in the appendix.)"

Response to No. 4:

<u>Not so!</u> The Summer Contract, at paragraph 11, that was signed by Mark Voeltz, indicates that the lessee is subject to the regulations of defendant Echo Bay Marina, LLC. Paragraph 11 states in pertinent part:

<u>Owner shall comply with all</u> laws, ordinances . . . and such <u>regulations as Lessor may introduce from time to time</u>.

(emphasis added)

Additionally, paragraph 10 of the Winter Contract signed by Mark Voeltz states:

…It is further understood and agreed that at all times while the boat is stored, the Lessee and/or their guests shall become subject to all rules and regulations, and further assumes the responsibility to see that his guests will obey the rules.

(See Exhibits A and B attached hereto-highlighting added)

As demonstrated through the testimony of Marc Rogg and that of Tom Guandalini, defendant Echo Bay Marina, LLC prohibited member boat launching on weekends and holidays and after 8:00 p.m., and prohibited the launching of guest vessels in their entirety.

"5.   That there was no attendant on duty to supervise and control the use of the launching area. (Deposition of defendant by witness Mark Rogg, page 26, lines 15-23)"

Response to No. 5:

See Response to No. 2 above.

"6.   There was no restriction on the number of times a particular slip member could retrieve his boat using the launching ramp during the boating season. (Deposition of defendant by witness Mark Rogg, page 27, lines 7-11)"

Response to No. 6:

This is not a genuine issue of material fact. Simply put, Marc Rogg's testimony was that defendant Echo Bay Marina, LLC's <u>members</u> could launch and haul their boats as often as they liked <u>provided it was on a weekday and before 8:00 p.m.</u>, i.e., not on weekends, holidays, or after 8:00 p.m.

"7.     That the defendant had never advised member Mark Voeltz not to use the launching ramp prior to June 25, 2000. (Deposition of Mark Rogg, page 30, lines 15-18)"

Response to No. 7:

This is yet another misstatement. Marc Rogg simply testified that he did not recall having specifically advised Mark Voeltz not to use the boat launching ramp. Moreover, following the deposition of Mark Voeltz, Marc Rogg queried his employees, all who advised that Mark Voeltz had never requested permission to launch any jet ski. (See 28 U.S.C. §1746 Statement of Marc Rogg dated March 24, 2004, at paragraphs 2 and 3) Additionally, Marc Rogg testified that the Rules and Regulations containing the prohibition against weekend, holiday and after 8:00 p.m. boat launching, and the absolute prohibition against guest boat launching, were sent to Echo Bay Marina, LLC members every year with the vehicle stickers. Additionally, Ms. Toni Guandalini testified to that fact.

"8.     That the defendant admitted during his deposition that the portion of the ramp which was submerged would be hazardous. (Deposition of Mark Rogg, page 65, lines 15-19)"

Response to No. 8:

While it is true that the lower half of the ramp was submerged, the condition was open and obvious to plaintiff Victor Chacon as per his testimony, and does not have any bearing on his status as trespasser, licensee or invitee, while at the boat ramp on June 25, 2000. Additionally, plaintiff Victor Chacon's testimony is that he does not even know if he slipped on the dry portion of the ramp or the submerged portion of the ramp, so that this fact is not relevant whatsoever.

5

"9.     That there is no requirement made by the defendant to register a guest or pay a fee for a guest. (Deposition of Mark Rogg at page 68, lines 11-13) (Deposition of Mark Voeltz at page 16, lines 23-25 over to page 17, lines 2-4)"

Response to No. 9:

This fact has no relevance to the issues raised by defendant Echo Bay Marina, LLC in its Motion for Summary Judgment. Plaintiff Victor Chacon proffers no case law that stands for the proposition that a private landowner has to maintain a registry of persons entering upon his land.

"10.    That although the defendant claims that there was a policy that a member had to have permission to launch a boat other than the one that was paid for, the general manager of the marina was unaware how that purported policy was communicated. (Deposition of Mark Rogg, page 28, lines 22-25, over to page 29, lines 1-7)"

Response to No. 10:

This alleged issue of fact is irrelevant because plaintiff Victor Chacon was injured launching a jet ski that either he owned or was owned by Michael D'Antona, another non-member. Moreover, Marc Rogg testified:

>    Q.    . . . If a customer, if a slip customer wanted to use the launching ramp, did he have to request permission or receive permission on the behalf of anybody from Echo Bay Marina to do so?
>                    *    *    *
>    Q.    . . . We'll start out with . . thank you. We'll start out with the boat he paid a slip rental for?
>
>    A.    Did not.
>
>    Q.    Let's say he wanted to launch another boat other than what he paid the slip rental for?
>
>    A.    Take it to the State boat ramp.

(Deposition Testimony p. 28, ll. 6-21) (emphasis ours)

"11.     That even though the defendant was aware that the ramp in question would be hazardous when wet, there was no anti-slip material on the ramp's surface. (See affidavit of Victor Chacon at paragraph 15)"

Response to No. 11:

    Given plaintiff Victor Chacon's admission that he says that part of the ramp was submerged prior to heading down it, and that he was aware from past experience, i.e., working in an automobile dealership, that wetted surfaces can be slippery, this alleged fact is a non-issue.

    As plaintiff Victor Chacon admits, no one in the Voeltz party, not Mark Voeltz, nor his wife, nor Victor Chacon, nor his girlfriend, nor Michael D'Antona, nor his wife, obtained permission from anyone at defendant Echo Bay Marina, LLC to launch Victor Chacon's or Michael D'Antona's jet ski on June 25, 2000.

    Thus, it is beyond purview for plaintiff Victor Chacon to argue that he was anything other than a trespasser on June 25, 2000; i.e., that he exceeded any permission that was afforded guests of members while on defendant Echo Bay Marina, LLC's property.

    Moreover, plaintiff Victor Chacon has proffered no authority for his contention that a non-skid surface must be applied to a ramp.

THE CASES CITED BY PLAINTIFF VICTOR CHACON AT POINT II
(AT PAGES 9 TO 12) OF PLAINTIFF VICTOR CHACON'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT ECHO BAY MARINA, LLC'S
MOTION FOR SUMMARY JUDGMENT

While plaintiff Victor Chacon cites four cases (at Point II, pp. 9-12) in plaintiff Victor Chacon's Memorandum of Law in Opposition to Defendant Echo Bay Marina, LLC's Motion for Summary Judgment, in an attempt to argue that plaintiff Victor Chacon was a business invitee, a review of those cases indicates that counsel for plaintiff Victor Chacon has misstated their facts and/or holdings.

Simply put, the case of Sevigny v. Dibble Hollow Condominium Association, 76 Conn. App. 306, 819 A.2d 844 (2003), as that Court stated, is a case of first impression in which the courts were asked to decide the issue of the legal duty of a condominium association to the owner of one of the condominiums. The Court likened the relationship therein to that of a traditional landlord-tenant relationship. Obviously, as the facts in this case have revealed, plaintiff Victor Chacon and defendant Echo Bay Marina, LLC had no such relationship, and thus, the pronouncements of Sevigny are inapplicable herein.

Vogel v. Mohawk Mountain Ski Area, 32 Conn. L. Rpt. 615 (2002), is also inapposite to the situation herein. Vogel involved the issue of the validity of a disclaimer agreement not signed by the plaintiff, and ineffectively drafted so as to be unenforceable. Moreover, unlike the plaintiff Victor Chacon herein, the plaintiff Vogel had purchased a ticket; i.e., had contracted, to use the ski resort at which he was injured.

Spingola v. Whitewater Mountain Resorts of Connecticut, Inc., 2002 WL 31894720 (Conn. Sup. 2002), involved the assignment of a ski lift ticket; i.e., a contract, purchased by one patron and given to another.

While the Court did hold that the transfer of the ski lift ticket from one patron to another patron did not convert the person who received the "gift" ticket from an invitee to a licensee, that case did not involve an activity that lies outside the parameters of those allowed under the original contract; i.e., the launching of a non-contract/non-member vessel as herein.[2]

Finally, the case of White v. Waterbury Lodge, 2001 WL 477381 (Conn. Sup. 2001), is also not on point with the facts herein. In White v. Waterbury Lodge, the plaintiff White had been invited by one of the officers of the Elks; i.e., the Waterbury Lodge, to help set up the lodge for a party that evening.

Thus, White is not like the case herein because White was invited to the premises by a representative of the property owner, unlike the situation herein where defendant Echo Bay Marina, LLC did not invite plaintiff Victor Chacon and did not know of plaintiff Victor Chacon or his presence at its marina on June 25, 2000.

While counsel for plaintiff Victor Chacon has mis-cited the holdings of the cases that he has cited, one common thread appears in a number of those cases; i.e.,

> The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation as opposed to permission, from the possessor of land, to enter the land, or remains on the land. Although an invitation itself does not establish the status of an invitee, it is essential to it. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee, but it does not make him an invitee.
> (emphasis added)

See Sevigny v. Dibble Hollow Condominium Association, Inc. at p. 320; White v. Waterbury Lodge at p. 2.

While Mark Voeltz may have invited plaintiff Victor Chacon to his boat on June 25, 2000, that invitation of Mark Voeltz was for the purpose of using his boat. More important,

---

[2] Moreover, the terms contained in the Voeltz-Echo Bay Marina, LLC contracts specifically prohibit assignments without defendant Echo Bay Marina, LLC's prior written agreement.

plaintiff Victor Chacon had not been invited by defendant Echo Bay Marina, LLC to be on its boat launching ramp or to engage in the unauthorized launching of a guest boat, and thus, he had nothing beyond the simple permission of defendant Echo Bay Marina, LLC to use its premises for the purposes of being a guest of Mark Voeltz on his boat. Moreover, while Mark Voeltz had permission to invite quests to his boat, as defendant Echo Bay Marina, LLC has demonstrated, he had no authority to engage in the unauthorized launching of a transient vessel/a guest boat; i.e., plaintiff Victor Chacon's or Michael D'Antona's jet ski, or to authorize someone else; i.e., plaintiff Victor Chacon, to do so.

<u>The simple issue before this Court is whether plaintiff Victor Chacon and/or anyone in the Voeltz party obtained permission for the launching of plaintiff Victor Chacon's or Michael D'Antona's jet ski on June 25, 2000.</u>

The <u>uncontroverted</u> testimony of plaintiff Victor Chacon, Mark Voeltz, and of Marc Rogg of defendant Echo Bay Marina, LLC, is that no permission was asked for, and no permission was granted. As such, plaintiff Victor Chacon was a trespasser to whom defendant Echo Bay Marina, LLC owed no duty.

CONCLUSION

Based on the foregoing, and on defendant Echo Bay Marina, LLC's papers dated January 14, 2004 (Docket Nos. 21, 22, 23, 25 & 26), defendant Echo Bay Marina, LLC's Motion for Summary Judgment should be granted in all respects.

Dated: Easton, Connecticut
       March 26, 2004

LOVEJOY & ASSOCIATES
Attorneys for Defendant,
Echo Bay Marina, LLC

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

ChaconReplyMOL.doc