UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------

| | | |
|---|---|---|
| VICTOR CHACON,<br>　　　Plaintiff, | : | 3:02CV1016 (CFD) |
| | : | |
| 　　　-against- | : | |
| | : | February 25, 2004 |
| ECHO BAY MARINA, INC.<br>　　　Defendant. | : | |

--------------------------------------------------------------

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...........................................................................3

STATEMENT OF FACTS..........................................................................4

ARGUMENT.........................................................................................6

CONCLUSION....................................................................................13

## TABLE OF AUTHORITIES

### CASES:

Page

Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986)..........6

Hunt v. Cromartie 526 U.S. 541, 550-551, 119 S.Ct. 1545, 1551-52 (1999).................6

McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)
Graham v. Henderson, 89 F 3d 75, 79 (2d Cir. 1996)...........................................7

Sevigny v. Dibble Hollow Condo. Assn. 76 Conn. App 306, 819 A. 2d 844(2003) ..........9

Vogel v. Mohawk Mountain Ski Area 32 Conn. L. Rptr 615 (Conn. Sup. 2002)...........10

Spingola v. White Water Mountain Resorts of Conn. Inc. 2002 WL 31894720 (Conn. Sup. 2002) ...................................................................................................11

White v. Waterbury Lodge 2001 W.L. 477381 (Conn. Sup. 2001) ........................11

### FEDERAL RULES OF CIVIL PROCEDURE:

56(c), Federal Rules of Civil Procedure...................................................6

C.G.S. 52-557(a), Connecticut General Statutes.........................................12

## STATEMENT OF FACTS

The plaintiff, Victor Chacon, suffered a serious left ankle fracture when he slipped and fell on a ramp leading from a dock adjacent to the launching ramp at the premises of the defendant Echo Bay Marina on June 25, 2000. (Affidavit of Victor Chacon at paragraphs 16 and 18)

The plaintiff was present at the premises of the defendant because he had been invited to the Marina by Marina member Mark Voeltz. (Victor Chacon Affidavit at paragraph 3) The plaintiff's purpose in going to the premises was to enjoy a day of boating and operating a jet ski on Candlewood Lake.

The plaintiff had never been to the defendant's premises prior to June 25, 2000. (Affidavit of Victor Chacon at paragraph 17)

The plaintiff had been directed to launch the Jet Ski by Marina member Mark Voeltz. (Affidavit of Victor Chacon at paragraph 7)

There was no attendant at the launching ramp, nor were there any signs or restrictions regarding the use of the ramp. (Affidavit of Victor Chacon at paragraph 9) Likewise, there was no agent, servant, or employee of the defendant controlling or supervising the dock which was next to the launching area. (Affidavit of Victor Chacon at paragraph 10)

It was not necessary for the Marina member Mark Voeltz to obtain permission from the defendant to bring guests to the premises. Likewise, it was not necessary to register such guests or pay any fee to the defendant Marina for such guests. (Deposition of Mark

Voeltz at page 16 lines 23-25 over to page 17 lines 2-4)

Voeltz had launched watercraft on weekends prior to June 25, 2000, without any restrictions from the defendant. (Deposition testimony of Mark Voeltz page 54 lines 5-18; page 55 lines 11-21 )

The ramp in question was owned, maintained and controlled by the defendant. The ramp was also designed by the general manager of the defendant. (Deposition testimony of Mark Rogg at page 42, lines 21-23).

The defendant was aware that the ramp in question would be hazardous when wet but the defendant took no steps to either remedy the hazardous condition or warn persons present at the premises of such condition. (Deposition testimony of Mark Rogg, page 30, lines 15-18; Affidavit of Victor Chacon at paragraphs 10,13, 15, and 16)

5

## ARGUMENT

**Point I:     NUMEROUS     GENUINE     ISSUES     OF
MATERIAL FACT EXIST IN THE CASE AT BAR WHICH
PROPERLY DENY THE MOVANT SUMMARY JUDGMENT**

It is black letter law that the Court must deny summary judgment where there is a
genuine issue of material fact or where the moving party is not entitled to judgment as a
matter of law. Rule 56(c).

The Court is not to weigh evidence or find the facts in ruling on a motion for
summary judgment. Rather, the Court's inquiry is limited to determining whether there are
genuine fact issues pertaining to the material facts which will require adjudication during a
trial. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986).

Evaluating credibility, weighing evidence, and drawing factual inferences are
functions that are confined to the trier of fact. Id at 255.

In ruling on a motion for summary judgment, the evidence of the non-moving party
will be believed as true and all doubts are to be resolved against the moving party. All
evidence of the non-moving party should be construed in the light most favorable to the
non-moving party and all reasonable inferences are to be drawn in the non-moving party's
favor. Hunt v. Cromartie 526 U.S. 541, 550-551, 119 S.Ct. 1545, 1551-52 (1999).

A material issue is a "dispute over facts that might affect the outcome of the suit
under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A

6

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Thus, " '[a] reasonably disputed, legally essential issue is both genuine and material' " and precludes a finding of summary judgment. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

The record in the case at Bar is filled with factual issues. In response to the defendant's argument that the plaintiff was a trespasser and that the launching ramp was not supposed to be used by guests, the record demonstrates the following:

1.    That there were no restrictions made known to the members of the defendant Echo Bay Marina concerning use of the boat launching ramp (Deposition Testimony of Mark Voeltz, page 15, line 8-14; page 16 lines 11-25; page 17, lines 2-9; page 24, lines 4-11, page 24, lines 18-25; page 25, lines 2-5)

2.    There was no attendant at or about the launching ramp or dock area to restrict access to marina members only. (Deposition testimony of Mark Voeltz page 27, lines 2-5 and page 74, lines 14-22.) (Deposition testimony of Michael D'Antona page 20, lines 12-18.) (Affidavit of Victor Chacon at paragraphs 9 and 10.)

3.    That there was a custom and practice at the defendant Marina which allowed use of the launching ramp and dock during the weekends by both members and non-members. (Deposition testimony of Mark Voeltz, page 54, lines 5-18; page 55, lines 11-21.) (Deposition testimony of Michael D'Antona page 20, lines 22-25 over to page 21, lines 1-3,)

7

4.    That the contract entered into by Mark Voeltz does not contain any language whatsoever limiting the use of the launching ramp or to bring guests to the premises. (See terms of Storage Agreement and General Rules attached in the appendix.)

5.    That there was no attendant on duty to supervise and control the use of the launching area. (Deposition of defendant by witness Mark Rogg, page 26, lines 15-23)

6.    There was no restriction on the number of times a particular slip member could retrieve his boat using the launching ramp during the boating season. (Deposition of defendant by witness Mark Rogg, page 27, lines 7-11.)

7.    That the defendant had never advised member Mark Voeltz not to use the launching ramp prior to June 25, 2000. (Deposition of Mark Rogg, page 30, lines 15-18)

8.    That the defendant admitted during his deposition that the portion of the ramp which was submerged would be hazardous. (Deposition of Mark Rogg, page 65, lines 15-19)

9.    That there is no requirement made by the defendant to register a guest or pay a fee for a guest. (Deposition of Mark Rogg at page 68, lines 11-13) (Deposition of Mark Voeltz page 16, lines 23-25 over to page 17, lines 2-4.)

10.    That although the defendant claims that there was a policy that a member had to have permission to launch a boat other than the one that was paid for, the general manager of the marina was unaware how that purported policy was communicated. (Deposition of Mark Rogg, page 28, lines 22-25, over to page 29, lines 1-7.)

11. That even thought the defendant was aware that the ramp in question would be hazardous when wet, there was no anti-slip material on the ramp's surface. (See affidavit of Victor Chacon at paragraph 15)

## POINT II: PLAINTIFF VICTOR CHACON WAS A GUEST OF MEMBER MARK VOELTZ AND AS SUCH, HE WAS A BUSINESS INVITEE OF THE DEFENDANT ECHO BAY MARINA BY OPERATION OF LAW.

It is undisputed that Victor Chacon entered the premises of the defendant by being invited to do so by its member, Mark Voeltz. It is also undisputed that Mark Voeltz had the capacity to extend such an invitation to the plaintiff and Mr. Voeltz was not required to seek permission from the defendant or have them acquiesce in any way to the presence of the plaintiff on the premises of the Echo Bay Marina. It is also undisputed that there was no fee required to be paid by the plaintiff to enter the premises, or that his presence at the premises was wrongful. (See excerpts of deposition testimony of Mark Voeltz, Mark Rogg, Michael D'Antona and the affidavit of Victor Chacon, as previously cited.)

It is well settled that a public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which land is held open to the public. Sevigny v. Dibble Hollow Condo. Assn. 76 Conn. App 306, 819 A. 2d 844 (2003). A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of lands. There is a third type of invitee, a social invitee, which is recognized by C.G.S. § 52-557a, which provides

9

that the duty of care owed to a social invitee is the same as the duty of care owed to a business invitee. (See Sevigny opinion attached as Exhibit A)

The question of the status of the plaintiff upon the defendant's premises is usually reserved to the jury as it involves a mixed question of law and fact.

It should be noted that the defendant maintained a retail store, which was open to the public, and certainly the plaintiff had permission and was encouraged to enter the retail store to make purchases. (See affidavit of Victor Chacon at paragraph 6)

In Vogel v. Mohawk Mountain Ski Area 32 Conn. L. Rptr 615 (2002) the plaintiff was injured while skiing at the defendant's premises. The defendant moved to dismiss the case based on a disclaimer which appeared on the reverse side of the lift ticket which the plaintiff had purchased. The defendant did not claim that the plaintiff signed any document containing the language printed on the lift ticket, or that language on the lift ticket was explained to him in any way. (See Vogel opinion attached as Exhibit B).

In the case at bar, there is no proof whatsoever that the plaintiff was advised not to use the boat ramp, that he was advised to leave the premises, or that he had no right to go onto the defendant's premises.

In Vogel, the Superior Court of Connecticut held that a defendant cannot avoid or minimize its duty owed to the plaintiff by resorting to a pre-printed disclaimer which is not part of a signed agreement and which does not by its express terms absolve the defendant or its agents or employees of responsibility for negligent conduct. That is exactly what the defendant Marina is arguing here; that a letter which was not signed by its member, Voeltz, and which cannot be produced for the time period in question should

serve to discharge the duty owed by the defendant to the plaintiff.

The case of <u>Spingola v. White Water Mountain Resorts of Conn. Inc.</u> 2002 WL 31894720 (Conn. Sup. 2002) is also related to the case at bar.

In <u>Spingola</u>, the defendants filed a motion for summary judgment arguing that the plaintiff was a licensee and not an invitee; that there was no evidence that a defect existed and/or that the defendants had no actual or constructive notice of the purported defect. (See <u>Spingola</u> opinion attached as Exhibit C).

The Superior Court denied the defendant's motion for summary judgment holding that there were numerous factual issues concerning a ramp on the defendant's premises as well as the plaintiff's status at the time of the incident in question.

Similar to the case at bar, the plaintiff in <u>Spingola</u> had not purchased a ticket to use the defendant's snow tubing park, lift and snow tubes.  Instead, an unidentified woman had given the plaintiff a ticket to enter the defendant's premises; hence, the plaintiff had not paid a fee to the defendant to be present on their premises.  He had not signed a waiver or release form before entering the snow tubing park.

After a few paragraphs discussing the assignability of a contract, the Court held that there was a genuine material issue of fact as to the plaintiff's status at the time of the incident.

In the case of <u>White v. Waterbury Lodge</u> 2001 W.L. 477381(Conn. Sup. 2001), the Superior Court of Connecticut awarded damages to a plaintiff who was not an employee of the defendant but was injured while in a portion of the premises denoted by

the defendant as accessible by "Employees Only." <u>There was no evidence that the plaintiff actually saw the sign and disregarded it.</u> (Emphasis Added)

The Court held that the plaintiff was an invitee and that the defendant had breached the duty of care owed to her.

<u>White</u> is on all fours with the case at bar as the plaintiff was a social invitee of a Marina member, thus rendering him a business invitee of the defendant, pursuant to C.G.S. 52-557(a). (See <u>White</u> opinion attached as Exhibit D).

12

## CONCLUSION

Wherefore, it is respectfully requested that this Court deny the defendant's Motion for

Summary Judgment in its entirety and award costs to the plaintiff for opposing the

instant motion.

Dated: Bridgeport, Connecticut   The Haymond Law Firm, PC
   February 26, 2004     Attorneys for the Plaintiff,

             _____
             Robert H. Keyes, Esq  (CT07744)
             1000 Lafayette Blvd., Suite 210
             Bridgeport, CT 06604
             (203) 330-6757
             (203) 330-6762 (fax)