UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR CHACON,<br>    Plaintiff,<br><br>v.<br><br>ECHO BAY MARINA, LLC,<br>    Defendant. | :<br>:<br>:<br>:  Civil Action No. 3:02 CV 1016 (CFD)<br>:<br>:<br>:<br>: |

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Victor Chacon ("Chacon"), brought this action against Echo Bay Marina, LLC ("Echo Bay"), alleging state law negligence claims. Chacon alleges that he was injured by slipping on a ramp on Echo Bay's premises. Specifically, Chacon claims that Echo Bay breached a duty of care owed to Chacon by improperly designing the ramp upon which Chacon was injured, failing to maintain the ramp, failing to warn Chacon of the slippery characteristics of the ramp, and failing to provide an alternate access to the dock. Echo Bay has filed a motion for summary judgment [Doc. #21].

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotations and citation omitted). In ruling on a motion for

summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

The Court concludes that genuine issues of material fact exist as to whether Echo Bay was negligent. Specifically, there are genuine issues of material fact including, but not limited to, whether Chacon's status was that of a trespasser, licensee or invitee and whether there was a custom and practice at Echo Bay allowing use of the launching ramp and dock during the weekends by both members and non-members at the time of the incident.

Accordingly, the defendant's motion for summary judgment [Doc. #21] is DENIED.

SO ORDERED this 30th day of August 2004, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**